S94A1463. DELAMARIA v. THE STATE.
S94A1464. THOMPSON v. THE STATE.
(452 SE2d 745)

SEARS, Justice.

Alejandra Delamaria and Robert Donald Thompson were tried together and were each convicted of two counts of murder in connection with the shooting deaths of Beth Allison Tanner and Brian Jason Paisley. Each appellant received two life sentences to be served consecutively.[1] They appeal and we affirm.

[1] The crimes were committed July 4, 1992. Both appellants were indicted September 18, 1992, and were tried together March 16-26, 1993. The trial court's sentences were filed March 29, 1993. Thompson filed motions for new trial on April 2, 1993, and June 30, 1993, and amended his motions for new trial on September 29, 1993. Delamaria filed motions for new trial on April 20, April 22, and April 29, 1993, and amended those motions on October 1, 1993, December 30, 1993, January 6, 1994, and January 14, 1994. The trial court denied Thompson's and Delamaria's motions on March 23, 1994. Thompson's notice of appeal was filed April 22, 1994. His appeal was docketed June 23, 1994, and was submitted without oral argument August 15, 1994. Delamaria's notice of appeal was filed April 19, 1994. The appeal

1. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the appellants guilty beyond a reasonable doubt of the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Both appellants contend that they received ineffective assistance of counsel at trial. We find no error in the trial court's conclusion that each appellant failed to establish the elements of the test for ineffective assistance of counsel articulated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In addition, Delamaria contends that the trial court erred in failing to act sua sponte to sever the trial and to prohibit certain cross-examination, and that she is entitled to have the case remanded and her motion for new trial reopened since her present counsel did not represent her at trial or on motion for new trial. Thompson further contends that the trial court erred in allowing the state to introduce the murder weapon into evidence. We find no error requiring reversal or remand in any of these enumerations.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 23, 1995 —
RECONSIDERATIONS DENIED FEBRUARY 21 AND FEBRUARY 23, 1995.

*Megan C. De Vorsey,* for appellant (case no. S94A1463).

*J. Russell Mayer,* for appellant (case no. S94A1464).

*Lewis R. Slaton, District Attorney, William F. Riley, Jr., Carole E. Wall, Carl P. Greenberg, Barry I. Mortge, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

was docketed June 23, 1994, and was orally argued October 11, 1994.